IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN WAYNE QUICK, ) | |
| ID # 1243617, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:08-CV-0820-B (BH) |
| ) | ECF |
| DON ANDERSON, ) | Referred to U.S. Magistrate Judge |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff is an inmate in the Dallas County Jail. On May 14, 2008, the Court received the instant civil action and a request to proceed *in forma pauperis* from plaintiff. The Court found that the request to proceed *in forma pauperis* should be denied based on the three-strikes provision of 28 U.S.C. § 1915(g). (*See* Order of May 22, 2008, at 1-2.) However, the Court deemed it appropriate to grant plaintiff thirty days to pay the full filing fee of $350.00 to the Clerk of the Court before formally denying *in forma pauperis*. (*Id.*) The Court also admonished him that failure to pay the filing fee within the time allotted would subject this action "to dismissal as barred by the three-strikes provision and for failure to comply with a court order under Fed. R. Civ. P. 41(b)." (*Id.*) To date, Plaintiff has not paid the filing fee.

### II. THREE STRIKES

Because plaintiff is a prisoner, this action is subject to review under the Prison Litigation

Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of fees, if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision. On at least three prior occasions, plaintiff has had a prisoner civil action or appeal dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Quick v. Anderson*, No. 3:06-CV-2096-G, 2006 WL 3626968, at *1 (N.D. Tex. Dec. 13, 2006) (listing seven cases filed by plaintiff that have been dismissed as frivolous). Because plaintiff has three or more "strikes", he may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury. Plaintiff has made no allegation that he is in any imminent danger. Consequently, he must prepay the requisite filing fee before this case can proceed.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126,

1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of May 22, 2008, that he pay the filing fee within thirty days. Accordingly, the Court should dismiss his complaint without prejudice for failure to follow an order of the Court.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court deny plaintiff's request to proceed *in forma pauperis* and dismiss his complaint without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 3rd day of July, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE